UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS TAVERAS, individually and on behalf of all others similarly situated,<br>  *Plaintiffs*,<br><br>  v.<br><br>XPO LAST MILE, INC.,<br>  *Defendant*.<br><br>XPO LAST MILE, INC.,<br>  *Third-Party Plaintiff*,<br><br>  v.<br><br>EXPEDITED TRANSPORT SERVICES, LLC,<br>  *Third-Party Defendant*. | No. 3:15-cv-01550 (JAM) |

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

Before me is defendant XPO Last Mile, Inc.'s motion to certify for appeal my oral ruling of June 20, 2016, that denied its motion to compel arbitration. *See* 28 U.S.C. § 1292(b); Doc. #95. In my ruling, I primarily concluded that XPO's extensive and prejudicial litigation conduct—including its choice to expand this litigation by filing a third-party court complaint despite the arbitration provision that it drafted and now seeks to enforce—constituted a waiver of its right to compel arbitration under Connecticut law construing the Connecticut Arbitration Act (CAA).

Federal law allows a district judge to certify for appeal an otherwise non-appealable order if the order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance

the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (internal brackets added). This certification provision "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996), and certification is appropriate "only when [the] three enumerated factors suggesting importance are all present." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1696 (2015).

In my view, XPO has not satisfied the first of the three factors: it has not presented a controlling issue of law but rather an issue of disagreement about the Court's factual finding of waiver. Under the CAA, whether a party has waived its rights to arbitration is a question of fact subject to the clearly-erroneous standard of review by an appellate tribunal. *See MSO, LLC v. DeSimone*, 313 Conn. 54, 66 n.12 (2014) ("The question of whether the defendants waived the right to enforce the arbitration clause is a factual question that must be decided in the first instance in the trial court."); *Grey v. Connecticut Indem. Servs., Inc.*, 112 Conn. App. 811, 815–16 (2009) (noting that "whether a waiver [of the right to compel arbitration] has occurred is a question of fact," and that "on appeal, our inquiry is whether the record contains evidence from which the court reasonably could have found that the defendant acted inconsistently with her right to arbitration"). Because XPO has not presented a controlling issue of law for interlocutory appeal, its motion for a certificate of appealability (Doc. #95) is DENIED.

It is so ordered.

Dated at New Haven, Connecticut, this 12th day of September 2016.

                                               /s/ *Jeffrey Alker Meyer*
                                               Jeffrey Alker Meyer
                                               United States District Judge